# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

PRINCE RO'DJRELL YAMOBI,    )
                                    )
                Petitioner,    )
    vs.                          )      No. 1:15-cv-501-TWP-MJD
                                    )
SUPERINTENDENT, Pendleton Correctional    )
 Facility,                         )
                                    )
                Respondent.    )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). Conversely, when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

In this case, habeas petitioner Yamobi was found guilty of misconduct in No. ISR 15-01-0092 and was then sanctioned. No sanction related to his credit time and time earning

classification. No sanction, therefore, affected the fact or the anticipated duration of Yamobi's confinement. The consequence of this, in turn, is that Yamobi did not suffer "custody" as the result of the challenged proceeding. He thus cannot obtain relief here.

Yamobi's petition for writ of habeas corpus is therefore summarily denied and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.*

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 4/28/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PRINCE RO'DJRELL YAMOBI
884830
Pendleton Correctional Facility
Electronic Filing Participant – Court Only